UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
MYRA DUNCALF and DERYCK DUNCALF,              :
                Plaintiffs,             :     05 Civ. 7020 (PAC)
                                             :
  -  against -                                                     :     <u>OPINION</u>
                                             :     <u>AND ORDER</u>
TODD ANDERS SWAMSINGTON, ELLIOT                :
& CALLAHAN INC., and TOPAZ TRUCKING            :
INC.,                                          :
                Defendants.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Myra Duncalf ("Duncalf") and her husband Deryck Duncalf bring this personal injury action against Defendants Todd Anders Swansington ("Swansington"), Elliot & Callahan Inc. ("E&C"), and Topaz Trucking Inc. ("Topaz"). Duncalf alleges that she was struck and injured by a tractor-trailer negligently driven by Swansington. Deryck Duncalf alleges loss of consortium based on the same events. Plaintiffs further allege that E&C and Topaz are vicariously liable for Swansington's negligence. Plaintiffs and defendants now move for summary judgment pursuant to Fed. R. Civ. P. 56. Both motions must be denied because there are genuine issues of material fact.

## RELEVANT FACTS[1]

The accident giving rise to this action occurred at approximately 2:20 p.m. on December 10, 2004, at the interchange of the northbound Bruckner Expressway (the "Bruckner") and the Hutchinson River Parkway. Prior to the accident, Duncalf was

---

[1] These facts are derived from the parties' Local Rule 56.1 Statements and supporting evidence. Sources will be cited only when quoted. Facts are undisputed unless otherwise indicated.

driving north on the Bruckner.  In order to observe and compare the relative traffic on the Hutchinson River Parkway and on I-95, she stopped her car in a zebra striped area between the Bruckner's right-most lane and an entrance to the Bruckner.  The parties dispute several aspects of the events that follow.

Plaintiffs contend that Swansington's vehicle struck the rear of Duncalf's vehicle while it was stopped in the zebra striped area.  Defendants contend the Duncalf was re-entering the far right lane of the Bruckner at the time of this first collision, and at times suggest that she was struck by a car driven by a third party that was behind her in the zebra-striped area.  The sole admissible evidence on this point is Duncalf's deposition testimony,[2] and that testimony is unclear as to both issues in dispute.  Duncalf gave contradictory testimony regarding whether she had begun to enter the far right lane. Compare Duncalf Transcript, 44 ("So I gave my indicator and *started slowly to move* and at that point I felt a hit in the back of the car)(emphasis added) and id. at 45 ("Slowly I presume I was moving, to the left") with id. at 46 ("I think I was stopped.  I wasn't moving…I know that when I felt the hit I wasn't moving"); see also id. at 45 (Q: Did any of your vehicle leave the striped area and make it onto the traveling lanes of the Bruckner Expressway before you felt that you were struck in the rear? A: I don't remember"). Duncalf also admitted during her deposition that she did not know what vehicle struck hers at this point. Id. at 49-50.

---

[2] The statement of alleged witness Laura Polanco ("Polanco") that Defendants attempt to introduce is not admissible, as it is unsworn and does not comply with the requirements of 28 U.S.C. 1746.  The witness statement, presumably also that of Polanco, recorded by the police is inadmissible hearsay. See Parsons v. Honeywell, Inc., 929 F.2d 901, 907 (2d Cir. 1991) ( "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." ).

2

After this initial collision, Duncalf's car was positioned on the zebra stripes parallel to the far right lane of the Bruckner. Duncalf testified that the back bumper of her car was directly to the right of the front bumper of the tractor-trailer. It is undisputed that Duncalf then opened her door into the far right lane, and got out to inspect her car for damage. Defendants contend that there is a "blind spot" created by the hood and fender on the right side of the tractor's cab which extends up to five feet ahead of the vehicle. Duncalf testified that she was four to five feet in front of the tractor-trailer when she left her vehicle, and Defendants allege she was within the blind spot when she got out of her car.

"Three to four seconds" after Duncalf exited her vehicle, id. at 60, Swansington drove forward and struck Duncalf, pinning her between her car and his tractor-trailer.[3] Swansington did not see Duncalf or her car prior to the accident, did not feel any impact, and did not even realize the accident had occurred until another driver alerted him to it.

### DISCUSSION

**I. Summary Judgment Standard**

A motion for summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate when "the nonmoving party 'has failed to make a

---

[3] While Defendants disputed this fact in their Local Rule 56.1 Statement, there is ample evidence to that effect and no evidence to the contrary. Defendants themselves treat it as true throughout their brief.

sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof'." <u>Berger v. United States</u>, 87 F.3d 60, 65 (2d Cir. 1996) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, the Court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." <u>McClellan v. Smith</u>, 439 F.3d 137, 144 (2d Cir. 2006) (citation omitted). Summary judgment should not be granted where issues of fact are "genuine," and "a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

**II. Summary Judgment Is Not Appropriate**

Due to their fact-dependent nature, personal injury claims based on negligence must usually be resolved by the fact-finder. <u>Derdiarian v. Felix Contracting Corp.</u>, 51 N.Y.2d 308, 315 (1980). To survive summary judgment, the Plaintiff must only make out a <u>prima</u> <u>facie</u> case, which requires a showing "that the defendant's negligence was a substantial cause of the events which produced the injury." <u>Id.</u> Nevertheless, "[w]hile negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where…the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party." <u>Spence v. Lake Service Station, Inc.</u>, 788 N.Y.S.2d 337, 339 (1st Dept. 2004) (internal quotation omitted).

Here, both parties argue that the opposing party's negligent conduct was the sole proximate cause of the accident. Plaintiffs appear to concede that some of Duncalf's actions may have been wrongful, but argue that her conduct "merely furnished

4

the condition or occasion for the occurrence of the event and that [Swansington's] negligence...was the sole proximate cause of the accident." Id. (internal citations omitted).  Defendants, in turn, argue both that Duncalf's negligent conduct was the sole cause of the accident, and that Swansington was not negligent because Duncalf was in his blind spot at the time of the accident.  Genuine issues of material fact exist as to both negligence and causation, however, and therefore summary judgment can not be granted in favor of either party.

**A. Defendants' Motion for Summary Judgment.**

Defendants have, at a minimum, raised triable claims that Duncalf was negligent in driving into and stopping on the zebra striped area on the Bruckner and in getting out of her car and stepping into the oncoming traffic lane.  Those actions appear to have violated the New York State Vehicle and Traffic Law ("V.T.L."), see V.T.L. §§ 1128(d), 1202(1)(j), 1214, and "such a violation, if unexcused (and here there is no excuse suggested), constituted negligence." McDaniel v. Clarkstown Cent. School Dist. No.1, 488 N.Y.S.2d 783, 785 (2d Dept. 1985).  Duncalf's own testimony raises a genuine question as to whether she was re-entering the lane at the time of the initial collision, which could also plausibly have violated V.T.L. § 1162.

Defendants have failed entirely, however, to prove either that Swansington was not negligent or that Duncalf's conduct was the sole proximate cause of the accident. As to the former, Swansington indisputably struck Duncalf, raising at least an inference of negligence.  He also admits that he did not see Duncalf or her vehicle at any time, or notice his striking of Duncalf and her vehicle.  "[I]t is settled that a driver is negligent

5

where an accident occurs because [he] has failed to see that which through proper use of [his] senses [he] should have seen." Bolta v. Lohan, 661 N.Y.S.2d 286, 287 (2d Dept. 1997).  Even assuming that Swansington's testimony concerning his tractor-trailer's blind spot is dispositive on that issue, he acknowledged his ability to see cars five feet in front of the tractor-trailer, and Duncalf testified that she was four to five feet in front. Accordingly, there is a genuine issue of fact as to whether Duncalf was in Swansington's blind spot or was visible and therefore should have been seen.  As to proximate cause, if Swansington was negligent in failing to see Duncalf, that failure was plainly a "substantial cause" of the accident.  Plaintiffs have presented evidence sufficient to support a prima facie case, and Defendants' motion for summary judgment must therefore be denied.

**B. Plaintiffs' Motion for Summary Judgment**

Even assuming the Plaintiffs' have proven as a matter of law that Swansington's conduct was negligent, they cannot show that the accident occurred "without any fault or culpable conduct" by Duncalf.  Viewing the evidence in the light most favorable to the non-moving party, the following chain of events occurred prior to the accident: Duncalf had negligently entered and stopped in the zebra striped area when her vehicle was struck from behind by a third party, leading her to negligently get out of her vehicle and step into oncoming traffic without any warning to the oncoming driver, Swansington.  The Court cannot say as a matter of law that her exit into oncoming traffic in such circumstances was not a substantial cause of her accident.

As noted above, Plaintiffs rely on a number of cases finding that a plaintiff "merely furnished the condition or occasion for the occurrence" of an accident. Spence v. Lake Service Station, Inc., 788 N.Y.S.2d 337, 339 (1st Dept. 2004) (internal citation omitted). In Spence, the driver of a disabled vehicle was checking under the hood when a tow truck arrived and backed into her. Id. at 338. In Dunlap v. City of New York, the plaintiff collided with a sanitation truck, rendering his vehicle inoperable in the middle of the road. 589 N.Y.S.2d 343, 344 (2d Dept. 1992). The defendant collided with plaintiff's vehicle minutes later, while the plaintiff, who had been injured in the initial collision, was still in the vehicle. Id. In Ely v. Pierce, the plaintiff's decedent was killed when directing traffic away from an earlier accident caused by the defendant. 755 N.Y.S.2d 250, 251 (2d Dept. 2003). The other cases relied on by Plaintiff concerned cars which were involved in accidents after negligently stopping on roadways. See Remy v. City of New York, 2007 NY Slip Op 124, 1 (2d Dept. 2007); Katz v. Klagsburg 750 N.Y.S.2d 308 (2d Dept. 2002); Williams v. Envelope Transit Corp., 589 N.Y.S.2d 345 (2d Dept. 1992); Gerrity v. Muthana, 814 N.Y.S.2d 440 (4th Dept. 2006).

In all these cases, the connection between the parties' action and the ultimate accident was extremely tenuous and the result of the action unforeseeable. Duncalf's actions had a far closer connection to the occurrence of the accident. Had Duncalf merely stopped in the zebra striped area, the cited cases would be apposite and she might well be entitled to summary judgment. Her decision to exit her vehicle into oncoming traffic on the Bruckner, however, is directly connected to her being struck by the tractor-trailer seconds later. It was, moreover, at least arguably a foreseeable result of doing so. "[I]n general, the issue of proximate cause is for the jury," Ely, 755 N.Y.S.2d

at 251, and the evidence presented does not show this to be an exceptional case. Accordingly, Plaintiffs' motion for summary judgment must be denied.

## CONCLUSION

The parties' cross motions for summary judgment are DENIED. A status conference will be held at 3:00 p.m. on Wednesday, September 12, 2007. Any requests for an adjournment of the conference will be considered only if made in writing and otherwise in accordance with the Court's Individual Practices. The Clerk of the Court is directed to close out this motion.

Dated: New York, New York
       August 21, 2007

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge